IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AARON WADE SMITH, #1703605 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23cv1114 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner Aaron Wade Smith filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### MOTION FOR SUMMARY JUDGMENT

On April 29, 2024, Petitioner filed a motion for summary judgment. (Dkt. #17). A motion for summary judgment, however, is not a proper method of adjudicating a § 2254 petition. *See Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 269 n.14 (1978); *Gordon v. Dir., TDCJ-CID*, No. 4:17CV786, 2018 WL 3060533, at *1 (E.D. Tex. Apr. 25, 2018), *report and recommendation adopted*, No. 4:17CV786, 2018 WL 3046540 (E.D. Tex. June 19, 2018); *Crow v. Dir., TDCJ-CID*, No. 4:16CV545, 2018 WL 2144503, at *1 (E.D. Tex. Mar. 22, 2018), *report and recommendation adopted*, No. 4:16-CV-545, 2018 WL 2129107 (E.D. Tex. May 7, 2018); *see also Ziolkowski v. Dir., TDCJ-CID*, No. 5:17-CV-50, 2019 WL 4580425, at *1 (E.D. Tex. May 13, 2019) ("A motion for summary judgment is a highly disfavored, if not improper, method of adjudicating a petition for writ of habeas corpus."), *report and recommendation adopted*, No. 517CV00050RWSCMC, 2019 WL 4573680 (E.D. Tex. Sept. 20, 2019); *United States v. Hurley*, No. 3:01-CR-0356-R, 2005

WL 1473828, at *2, n.5 (N.D. Tex. June 22, 2005) (a motion for summary judgment is not proper method for adjudicating a motion pursuant to U.S.C. § 2255), *report and recommendation adopted*, No. 3:01-CR-0356-R, 2005 WL 1614017 (N.D. Tex. July 8, 2005). *The Rules Governing Section 2254 Cases in the United States District Courts* do not contemplate such a motion. Although Rule 12 permits a court to apply the Federal Rules of Civil Procedure when appropriate, a dispositive motion, such as the instant motion, is not appropriate or necessary in the habeas context. This is especially true where the motion essentially seeks the same relief as that sought in the underlying petition for writ of habeas corpus.

Furthermore, Petitioner is basically asking the Court to enter a default judgment because of Respondent's alleged failure to file a timely answer to the petition for writ of habeas corpus. A default judgment is not a proper remedy when a state fails to file a response or present an affirmative defense against raised issues. *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985); *Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir. 1990); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974). A default judgment is inappropriate even when a state inexcusably disregards a district court's orders to respond to a petition. *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984), *cert. denied*, 469 U.S. 874 (1984). To hold otherwise would improperly place the burden of default on the community at large. *Scott*, 507 F.2d at 924. A default judgment is not available under these circumstances.

Moreover, contrary to Petitioner's allegations, Respondent has not failed to timely file a response to the habeas petition. On February 29, 2024, the show cause order (Dkt. #12) issued, giving Respondent sixty days to file his response. On April 29, 2024, Respondent filed a motion for extension of time in which to file his response. (Dkt. #16). The Court granted Respondent's motion and ordered Respondent to file his response no later than May 29, 2024. (Dkt. #18).

Accordingly, even if a default judgment were a proper remedy, the Court's deadline for Respondent to file a response to the petition has not yet expired.

For the foregoing reasons, the Court should deny the motion (Dkt. #17).

## RECOMMENDATION

It is accordingly recommended that the motion for summary judgment (Dkt. #17) be **DENIED** without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE